KITCHENS, JUSTICE,
concurring in part and in result:
¶ 26. While agreeing with the majority that the trial court erred by allowing references to the income of the plaintiffs husband, and that the case should be remanded, I must respectfully disagree with the conclusion that the jury’s “award” of zero dollars was not against the overwhelming weight of the evidence. In this case, as acknowledged by the majority, the jury was confronted with “uncontradicted testimony” that Kathryn Loyacono had suffered a muscle strain as a result of the car accident for which Watacha Shelby was at fault. The two experts for the defense agreed that Loyacono had suffered a muscle strain as a result of the accident. There was no dispute that she had suffered a muscle strain as a result of the accident.
¶ 27. The majority, however, finds that the “minimal impact” involved in the accident is sufficient to trump uncontradicted expert testimony that Loyacono was, in fact, injured in this accident. In my view, that the impact is characterized as minor has no bearing on whether the plaintiff did or did not suffer injury. In this case, three experts testified that she unequivocally was injured in the car wreck. That uncontradicted testimony “should ... be taken as true.... ” Lucedale Veneer Co. v. Rogers, 211 Miss. 613, 635, 53 So.2d 69, 75 (1951). Accordingly, the plaintiff was injured and that injury is compensable., Since the injury was more than nothing, so too should be the damages awarded. Moreover, the proof that she experienced pain and incurred medical expenses for medical treatment was not contradicted. The jury verdict established that the accident was caused by the negligence of the uninsured driver, whose vehicle struck the plaintiffs automobile. That, plus the un-contradicted testimony that the plaintiff suffered bodily injury and incurred accident-related expenses, entitled her to a monetary verdict. And, inasmuch as the tortfeasor was uninsured, the plaintiffs uninsured-motorist coverage applies. See Miss.Code Ann. § 83-11-101 (Rev.2011).
¶ 28. I agree with the Court of Appeals that the jury’s award of zero dollars was against the overwhelming weight of the evidence, and the case should be reversed on that ground. Because I agree with the *940 majority’s conclusion as to issue two, I respectfully concur in part and in result.
KING, J., JOINS THIS OPINION.